**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| DAVID A. PHILLIPS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:19-cv-00408 |
| FLAGSHIP CREDIT ACCEPTANCE, LLC d/b/a CARFINANCE CAPITAL LLC d/b/a CARFINANCE.COM, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** David A. Phillips ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Flagship Credit Acceptance, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

2.      Subject matter jurisdiction is conferred upon this Court by the TCPA, TDCA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

## PARTIES

4.      Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5.      Defendant Flagship is an automobile financing corporation with its principle place of business located at 3 Christy Drive, Suite 201 Chadds Ford, Pennsylvania.

### FACTS SUPPORTING CAUSES OF ACTION

6.      In or around 2017, Plaintiff and his spouse obtained a car loan from Defendant to finance a 2013 Dodge Ram ("subject debt").

7.      At the time Plaintiff and his spouse obtained the subject debt, Plaintiff did not provide his cellular phone number to Defendant. Instead, his spouse left her cellular phone number as both the primary and secondary contact number.

8.      In August 2019, still recuperating from the result of Hurricane Harvey and the immense financial hardship that resulted, Plaintiff fell behind on payments of the subject debt.

9.      In or around early October 2019, Plaintiff started to receive collection phone calls from Defendant to his cellular phone number (979) XXX-6262 attempting to collect the subject debt.

10.     At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

11.     On November 6, 2019, Plaintiff answered a phone call from Defendant and informed Defendant's repetitive that he hired attorneys to file bankruptcy, provided his attorney's contact information, and requested Defendant to cease calling his cellular phone.

12.     Plaintiff never provided his cellular phone number to Defendant or otherwise

expressly consented to Defendant's phone calls.[1]

13.     When Plaintiff answered a call from Defendant and was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

14.     Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

15.     Failing to acquiesce to Plaintiff's demand to cease calling him, Defendant continued its phone harassment campaign without Plaintiff's consent.

16.     Notwithstanding Plaintiff's request that Defendant cease calling his cellular phone, Defendant placed or caused to be placed numerous phone calls to Plaintiff's cellular phone between early October 2019 and the present day.

17.     The phone numbers that Defendant most often used to contact Plaintiff are (800) 900-5150, (972) 893-6093, (480) 212-7581, and (317) 762-7175, but upon information and belief, it may have used other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

## DAMAGES

18.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19.     Moreover, Defendant would place calls to Plaintiff on weekends, during working hours, and late at night. Defendant's phone calls cause potential risk of injury and loss of

---

[1] Upon information and belief, Defendant obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby creditors and debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

employment as Plaintiff is an automobile mechanic and unable to utilize his cellular phone while working.

20.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

21.     In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22.     Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

23.     Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24.     Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25.     The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

27.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28.     Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

29.     Defendant violated the TCPA by placing several phone calls to Plaintiff's cellular telephone from early October 2019 through the present day, using an ATDS without his prior consent.

30.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

31.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

32.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33.     Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

34.     Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between early October 2019 and the present day, using an ATDS without his prior consent.

35.     The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36.     Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, DAVID A. PHILLIPS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.  Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
   c.  Enjoining Defendant from further contacting Plaintiff; and
   d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38.     Plaintiff restates and realleges paragraphs 1 through 37 as through fully set forth herein.

39.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40.     The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for

personal, family, or household purposes.

41.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a.  Violations of  TDCA § 391.302

42.     The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43.     Defendant violated the TDCA when it called Plaintiff repeatedly despite his request that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

**WHEREFORE**, Plaintiff, DAVID A. PHILLIPS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 27, 2019                    Respectfully Submitted,

                                            /s/ Marwan R. Daher
                                            /s/ Alexander J. Taylor
                                            /s/ Omar T. Sulaiman
                                            Omar T. Sulaiman, Esq.
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Avenue, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8181
                                            mdaher@sulaimanlaw.com
                                            ataylor@sulaimanlaw.com
                                            osulaiman@sulaimanlaw.com
                                            *Counsel for Plaintiff*